UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KYLE M. ALEXANDER                                    CIVIL ACTION

VERSUS                                               NO.  05-0683

WARDEN BURL CAIN                                     SECTION "S"(4)

REPORT AND RECOMMENDATION

Before the Court are three motions filed by the petitioner, Kyle M. Alexander: **Motion to Stay/Hold in Abeyance Movant's Original Pending Litigation in Case No. 97-39 and Case No. 97-37 Not Part of the Original Doc. No. 05-0683 (Rec. Doc. No. 12)**; **Notice of Intent and Permission to Amend and/or Supplement Original Petition for Habeas Corpus Relief on the Merits (Rec. Doc. No. 13)**; and **Motion and/or Request for the Judicial Consolidation of Cases No. 97-39 (6/1999 Trial) and 97-37 (8/2000) for Habeas Corpus Relief (*in toto*) to Adjudicate both with the Doc. No. 05-0683 (Rec. Doc. No. 14)**.  The motions were referred to this United States Magistrate Judge for Report and Recommendation.[1]

I.      Factual and Procedural Background

The petitioner, Kyle M. Alexander ("Alexander"), filed the captioned proceeding seeking issuance of a writ of habeas corpus in connection with his 1999 conviction for the second degree

_____

[1]Rec. Doc. No. 15.

murder of Bryan J. Sagona in Assumption Parish. As outlined in complete detail in the prior Report and Recommendation,[2] on March 7, 1997, Clint Bonadona and Bryan Sagona sought to buy marijuana from Alexander.[3] After unsuccessful efforts to find a supplier, Alexander told Bonadona and Sagona to return later to try again. When the two young men returned sometime later, Alexander, along with his friends, Lance North and Jonathan Fox, took Bonadona and Sagona for a ride to a remote area where they claimed a drug exchange would to take place. When they arrived, Bonadona and Sagona were both dragged from the car. Fox shot Bonadona in the head and killed him. Fox then shot Sagona, who did not die immediately. Subsequently, Alexander shot Sagona in the head killing him. Alexander was charged by separate indictment for his role in the death of Bonadona.

After a thorough review of the pleadings, the state court records, the State's opposition to the petition, and Alexander's traverse thereto, the undersigned issued a Report and Recommendation on June 12, 2006, recommending that Alexander's habeas corpus petition be dismissed as time barred pursuant to Title 28 U.S.C. § 2244(d). Alexander filed objections to the report on July 3, 2006, which are also pending before the Court.

## II.     Pending Motions

In spite of the untimeliness of his underlying habeas petition, Alexander filed three motions on August 10, 2006, seeking further resolution of the pending habeas proceeding. His motions, under a broad reading, are intertwined and reflect that Alexander is making a desperate, rambling attempt to gain federal review of his untimely claims. He also burdens the Court with motions

---

[2]Rec. Doc. No. 9.

[3]The facts were taken from the opinion of the Louisiana First Circuit Court of Appeal on direct appeal. St. Rec. Vol. 1 of 4, 1st Cir. Opinion, 2000-KA-1025, p. 2, 2/16/01.

which are simply repetitious of the arguments made in his pending objections.  The Court will address the motions separately.

A.   <u>Motion to Stay/Hold in Abeyance Movant's Original Pending Litigation in Case No. 97-39 and Case No. 97-37 Not Part of the Original Doc. No. 05-0683 (Rec. Doc. No. 12)</u>

In this motion, Alexander requests this Court to hold its ruling in this case in abeyance so that he may further pursue post conviction relief in the state courts related to both of his convictions. He also refers the Court to his motion to consolidate the instant habeas with the petition more recently filed in Civ. Action No. 06-4475"S"(4), in which he challenges his later conviction arising out of the death of Bonadona.  Almost contradictorily, Alexander also states that he "does *not* request a stay for or from the District Court's resolution of the Report and Recommendation" issued in this case. (emphasis in original).  Instead, he contends that he merely seeks consolidation of his current habeas with his newly filed habeas to avoid duplication of the Court's efforts.

In another curious play on the concepts brought forth by the AEDPA,[4] Alexander also argues, as he does in his objections, that, since his prior state post conviction application was dismissed as procedurally improper, he has not properly presented the claims to the state courts. Therefore, he should be allowed to reapply for post conviction relief in the state courts.  This, he argues, would avoid the need to consider the timeliness of his federal petition.  Under the broadest reading, Alexander seems to believe that his state procedural filings should in no way impact the application of the AEDPA's statute of limitations because he has not properly exhausted.  This is wholly contrary to Supreme Court and federal habeas law at every level.

---

[4]Antiterrorism and Effective Death Penalty Act of 1996,  Pub. L. No. 104-132, 110 Stat. 1214.

As referenced in the Court's prior Report, exhaustion and timeliness are two separate evaluations addressed as initial procedural matters in a federal habeas corpus proceeding. *See Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Whether the underlying claims have been exhausted will not change the timeliness of the petition.

Furthermore, in support of his request for stay and abeyance, Alexander cites the United States Supreme Court opinion in *Pace v. Diguglielmo*, 554 U.S. 408 (2005). His reliance on *Pace* is misplaced. The *Pace* court did not address stay and abeyance, but instead spoke to the issue of timeliness and the doctrine of equitable tolling. The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently and there are rare or extraordinary circumstances preventing timely filing. *Pace*, 554 U.S. at 418; *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Thus, equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 554 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

As discussed in the Court's prior Report, Alexander has not alleged and the record does not reflect any basis for equitable tolling in this case. The record does not show the type of extraordinary circumstance or diligent pursuit of state court relief which would warrant equitable tolling.

4

For the sake of further discussion, in *Pliler v. Ford*, 542 U.S. 225, 231 (2004), the United States Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims. The Supreme Court held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petition. It instead reiterated its long-standing directive that a mixed petition be dismissed without prejudice to allow exhaustion. *Pliler*, 543 U.S. at 233. The Supreme Court further recognized that a petitioner had two choices when faced with dismissal: (1) return to the state courts to exhaust his claims in full; or (2) amend or resubmit his petition to raise only exhausted claims in the federal district court. *Id*.

As discussed in the prior Report, the State argued that Alexander had not exhausted available state court remedies as to all of his claims raised in this federal petition. This Court did not address the issue of Alexander's failure to exhaust in detail because the petition was untimely, rendering exhaustion irrelevant. That is, if the Court had pursued the options under *Pliler*, to allow Alexander time for further exhaustion would have been futile since any subsequent federal petition would be no less untimely than his present one. The Court would have stayed an already untimely case, which would later, after full exhaustion, have to be dismissed as untimely.

Next, if the Court were to have allowed Alexander to amend or resubmit the petition to only present the exhausted claims, then the recommendation would still have been to dismiss the petition as untimely. Therefore, to have further consider exhaustion or any applicability of *Pliler* and other exhaustion doctrines would have been a waste of judicial resources.

For the foregoing reasons, Alexander is not entitled to a stay and abeyance of any part or all of his current federal petition for issuance of habeas corpus. He also has still failed to present any legitimate basis for equitable tolling. This motion should be denied.

**B.     Notice of Intent and Permission to Amend and/or Supplement Original Petition for Habeas Corpus Relief on the Merits (Rec. Doc. No. 13)**

As with the other motions addressed herein, Alexander's next motion is another attempt to convince this Court to overlook the untimeliness of his federal habeas petition and conflate the consideration and relief sought in his two habeas petitions arising from two separate convictions. Alexander now seeks to amend the instant petition to clarify the issues raised in this petition and to add issues arising from his subsequent conviction related to the death of Bonadona, specifically the issues related to the ineffective assistance of counsel.  He again requests a stay or waiver of the exhaustion requirement.

Both the request for stay and waiver of exhaustion have been addressed in this Report.  These requests are without merit and should be denied.  With respect to the requested amendment, the motion should also be denied for the following reasons.

Initially, the Court notes that Alexander has filed a subsequent habeas petition in which he has raised claims arising out of his second conviction.  It would be duplicitous and burdensome to allow him to amend claims into this case which are already subject to the Court's review in another pending case.

In addition, Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, ___, 125 S.Ct. 2562, 2569 (2005); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.")  In addition, Title 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil

6

actions."  Therefore, the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition.  *Mayle*, 545 U.S. 2569.

Fed. R. Civ. P. 15 declares that leave to amend "shall be freely given when justice so requires."  However, leave to amend is by no means automatic.  *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981).  The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court.  *Id.*

In this case, justice does not require that leave be granted and in fact dictates that this motion be denied for several reasons.  The United States Supreme Court has held that a request to amend a habeas petition, which seeks to add claims unrelated to those raised in the original petition, filed after expiration of the AEDPA's limitations period, does not relate back to the original petition under Fed. R. Civ. P. 15(c).  *Mayle*, 125 S. Ct. at 2574.

Alexander's motion to amend his habeas petition comes some 17 months after the filing of this federal petition on February 15, 2005.[5]  Considering the detailed discussion by the undersigned in the first Report and Recommendation, Alexander's limitations period expired long before his original petition was filed.  Thus, both his new claims and any supplemental argument come well after the limitations period expired.  Because his new and supplemental claims do not relate back, or do not relate back to a timely petition, the request to amend itself is untimely.

Alexander's request to amend is therefore futile and would be prejudicial to the State and outside of the interests of justice.  The motion to amend must be denied.

### C.   Motion and/or Request for the Judicial Consolidation of Cases No. 97-39 (6/1999 Trial) and 97-37 (8/2000) for Habeas Corpus Relief (*in toto*) to Adjudicate both with the Doc. No. 05-0683 (Rec. Doc. No. 14)

---

[5]As noted in the first Report and Recommendation, Alexander's petition is deemed filed under the federal "mailbox rule" on February 15, 2005.

In his third motion, Alexander again seek waiver of the exhaustion requirement and excuse the lengthy periods of delay during which he pursued no state court relief.  He makes this request on the assumption that he should not be burdened with the technicalities of state collateral review since his claims have been brought to this federal court's attention.

Alexander further states in his motion that he filed another post conviction application in the state trial court on July 27, 2006, which will further clarify the merits of his claims.  Because of this pending state application, he also requests a stay and abeyance in this case.  Alexander also suggests that his claims of ineffective assistance and conflicts of interest with counsel arising in both of his state court convictions should be consolidated and considered together on the merits.

The Court has already addressed the futility of any discussion regarding Alexander's failure to exhaust his state court remedies.  He has shown no extraordinary circumstance which would warrant a stay and abeyance to allow exhaustion and otherwise has failed to show how he is entitled to the extraordinary remedy of equitable tolling.

Consolidation of his two federal habeas petitions, at this point, would not be beneficial to the Court or the litigants.  The instant case is awaiting final disposition upon the recommendation that it be dismissed as untimely.  The second petition, Civ. Action No. 06-4475"S"(4), filed August 26, 2006, arises from a separate conviction and is still in the briefing stages.  There is no judicial economy in delaying resolution of the instant case to await review of the subsequent, unrelated petition.  Each must be evaluated on its own procedural propriety and/or merit under the standards of the Supreme Court and the AEDPA.

Therefore, because the recommendation of dismissal with prejudice as time barred remains pending before the Court, the pending matter should not be stayed or consolidated with any other

post conviction or habeas relief being sought by Alexander on his other conviction.  This motion also should be denied.

## III.  **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Kyle M. Alexander's **Motion to Stay/Hold in Abeyance Movant's Original Pending Litigation in Case No. 97-39 and Case No. 97-37 Not Part of the Original Doc. No. 05-0683 (Rec. Doc. No. 12)**; **Notice of Intent and Permission to Amend and/or Supplement Original Petition for Habeas Corpus Relief on the Merits (Rec. Doc. No. 13)**; and **Motion and/or Request for the Judicial Consolidation of Cases No. 97-39 (6/1999 Trial) and 97-37 (8/2000) for Habeas Corpus Relief (*in toto*) to Adjudicate both with the Doc. No. 05-0683 (Rec. Doc. No. 14)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____27th_____ day of _____September_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**